IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAD MILLS, | ) | CASE NO. 3:08CV1974 |
| | ) | |
| Petitioner, | ) | JUDGE POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| STUART HUDSON, Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | Doc. Nos. 6, 7 |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the motion of respondent to dismiss the action without prejudice for lack of exhaustion. Motion to Dismiss, Doc. No. 6. Petitioner, Shad Mills ("Mills"), opposes this motion and moves in the alternative to stay the proceedings while he exhausts his claims in state court. Motion to Stay, Doc. No. 7. Respondent opposes this motion. For the reasons given below, the court should deny both motions and order respondent to answer to the petition.

Respondent asserts the following facts. Except as noted, respondent offers no evidentiary support for those assertions, nor is there any evidence in the record to support them.

In 2004, Mills pleaded guilty to aggravated assault, felonious assault, aggravated burglary, and aggravated arson. The court sentenced him to a total of 15 years'

imprisonment.

Mills failed to file a timely appeal in the state appellate court. Upon application, however, the state appellate court allowed Mills to file a delayed appeal. Mills asserted a single assignment of error in his appeal, claiming that his sentencing violated the then-recent decision in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The state appellate court agreed and remanded the case for resentencing. The trial court resentenced Mills to a total of 15 years' imprisonment.

Mills filed a direct appeal in which he asserted four assignments of error.[1] On November 2, 2007, the state appellate court affirmed the sentence imposed by the trial court. Mills failed timely to appeal this decision to the Ohio Supreme Court.

On February 1, 2008, Mills filed in the state appellate court an untimely application to reopen his direct appeal pursuant to Ohio App. R. 26(B), alleging ineffective assistance of trial counsel. The state appellate court denied Mills' application on March 17, 2008, finding that Mills' claims were barred by *res judicata*.

Mills filed in the Ohio Supreme Court a timely appeal of the denial of his application to reopen his direct appeal. In his memorandum in support of jurisdiction, Mills "listed four propositions of law, addressing due process issues related to his sentence; he did not address the allegations of ineffective assistance of trial or appellate counsel." The Ohio Supreme Court dismissed his appeal on July 9, 2008.

---

[1] The precise nature of these assignments of error is not in the record. Respondent asserts in the brief in support of his motion that they "addressed the length of the sentence, the application of the *Foster* decision in his resentencing, the ex post facto clause, and the rule of lenity." Motion to Dismiss at 2. The petition asserts that the grounds raised were "Illegal and unconstitutional sentence." Petition, Doc. No. 1, p. 3.

The record shows that on August 14, 2008 Mills filed in this court a petition for a federal writ of habeas corpus in which he asserted the following four grounds for relief:

**GROUND ONE:**  The trial court err[ed] by violating Crim. R. 2921.45 and Crim. R. 2921.54 at petitioner['s] sentencing.

(a) Supporting facts:  The petitioner['s] guarantee[d] protection by the U.S. and state constitution was violated due to the reimposing of [an] illegal and unconstitutional sentence by the sentencing court.

**GROUND TWO:**  Whether the trial court err[ed] by violation the federal ex post fact law at the petitioner['s] sentencing.

(a) Supporting facts:  The Ex Post Facto Clause prohibits the Ohio General Assembly from retroactively increasing the penalty for a crime which has already been committed.

**GROUND THREE:**  Whether the trial court err[ed] by using outside factors not presented to a jury.

(a) Supporting facts:  A trial court cannot impose nonminimum sentence[s] unless it find[s] that the defendant has served a persion [sic] term or the seriousness of the offender's conduct or will not adequately protect the public.

**GROUND FOUR:**  Whether the trial court violated the defendant['s] 5th, 6th, and 14th Amendments to the United States Constitution.

(a) Supporting facts:  The jury trial guarantee of the Sixth Amendment is made applicable to the . . . states by the Due Process Clause of the 14th Amendment.  Once [a] legislature, state or federal, has predicated the availability of a criminal penalty upon proof of a particular fact, the penalty may not be imposed unless the facts ha[ve] bee[n] admitted by the defendant or found by a jury to have been proven beyond a reasonable doubt.  The Sixth Amendment forbids a court from imposing any penalty in access [sic] of the statutory maximum unless the required factual findin[gs] have been made in accordance with the right to trial by jury.

**GROUND FIVE:**  Whether the appellate court denied petitioner['s] due process of law and effective assistance of counsel.

(a) Supporting facts: The 14th Amendment of the Constitution of the United States and Article 1, § 10 of the Ohio Constitution [provide that] a defendant is guaranteed effective assistance of counsel and due process.  The petitioner

> submitted the violation of his due process pertaining to his faulty indictment in the application for re-opening pursuant to 26(B). All facts and evidence of the violation w[ere] submitted in the 26(B).

Petition at 6-11 (capitalization, spacing, and punctuation altered from the original).

Respondent contends Mills' first four grounds for relief have not been exhausted because Mills failed to present those claims to the Ohio Supreme Court. According to respondent, although Mills included in his memorandum in support of jurisdiction to the Ohio Supreme Court arguments contained in those four grounds for relief, those arguments were not properly before the court because Mills was then appealing the state appellate court's refusal to consider Mills' claim of ineffective assistance of trial counsel. Because Mills had argued only ineffective assistance of trial counsel in the appellate court, respondent contends, Ohio law barred the Ohio Supreme Court from considering arguments about Mills' sentencing as an independent ground for relief. Respondent does not contend that Mills failed to exhaust his fifth ground for relief.

Mills does not directly counter respondent's assertions. The sum of Mills' response to respondent's arguments is as follows:

> This petitioner has reviewed all his state filings and ha[s] found the errors pointed out by the state attorney general for the State of Ohio. Therefore, this petitioner pray[s] that this honorable court will acknowledge that he is a pro-se litigant and is not trained in law. This petitioner also pray[s] that this honorable court will acknowledge that the Supreme Court of the United States has ruled in **(Haines . Kerner) 1974, 404 U.S. 519**, that pro se litigants are entitled to leniency and latitude with regard[ ] to their filings and rigid enforcement of the rules of technical procedures, especially when justice is envolved [sic]. So to prevent a manifest miscarriage of justice, this petitioner pray[s] that this honorable court will allow the petition to by placed in abayence [sic] until the state claim be exhausted.

Motion to Stay at 2 (capitalization, spacing, and punctuation altered from the original.)

Respondent argues that Mills' petition should be dismissed for failure to exhaust its

4

claims, pursuant to *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). There are two problems with respondent's arguments, however. First, respondent does not provide key details needed before the court is able to rule on his motion. In particular, respondent does not specify clearly and precisely which claims Mills presented to which courts. The court cannot merely accept respondent's legal opinion that the claims presented to each state court failed to exhaust the claims currently before this court. Second, respondent fails to provide any evidence to support his recitation of the facts by way of documents or affidavit.[2] Respondent presents an argument based on the facts of a procedural history. There must be a record to support those facts. Third, as described below, respondent's discussion of the law governing exhaustion is inaccurate and incomplete in important respects.

A state prisoner must exhaust state remedies prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, state remedies are exhausted either when a petition has made proper use of all available state remedies for raising claims or when the petitioner has failed to use state remedies but no state remedies giving the right to raise petitioner's claims remain available. *Coleman v. Thompson,* 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal

---

[2] Although petitioner effectively concedes the accuracy of respondent's factual recitation, the court has difficulty accepting this concession. As a party proceeding *pro se*, petitioner may not understand portions of respondent's factual account or grasp the consequences of conceding respondent's factual recitation in its entirety.

5

claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). *See also O'Sullivan*, 526 U.S. at 950.

Some federal courts have blurred the distinctions between "exhaustion" and "procedural default":

> The problem in interpreting . . . many . . . federal habeas corpus cases is the ambiguous use of the words "exhaustion" and "exhausted." Courts have attached two meanings to these words in habeas cases. The generally accepted meaning of "exhaustion" and "exhausted" in habeas cases refers to a petitioner's presentation of federal claims to the state's highest court. *See, e.g., Rose v. Lundy,* 455 U.S. at 515-16. However, courts also have used those words to refer to the availability of state remedies when the federal court is considering whether to send a petitioner back to the state courts to present his federal claims. *See Harris v. Reed,* 489 U.S. 255 (1989) (O'Connor, J., concurring) (sending habeas petitioners back to exhaust state remedies when remedies have expired creates game of "judicial ping pong"). When courts determine state remedies no longer are available, they often state that the petitioner's state remedies have been "exhausted." *See Matias v. Oshiro,* 683 F.2d 318, 319-20 (9th Cir. 1982).

*Krum v. Thomas*, 774 F. Supp. 563, 565 (D. Az. 1991). Confusion regarding these concepts was compounded as they evolved in the wake of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The respective consequences for failure to exhaust and procedural default, however, make clear the distinction between the two terms as they are currently used.

The remedy for failure to exhaust is to return the petitioner to the state courts to make use of whatever state remedies remain to adjudicate his claims. If a petitioner has no remaining remedies because the petitioner cannot comply with the relevant procedural rules or is barred by *res judicata*, it makes no sense to send the petitioner to the state courts in a futile effort to attempt remedies that state law prevents the petitioner from using. In that case, the petitioner's remedies are exhausted, meaning that no state remedies are available. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

Procedural default occurs if the petitioner has failed *properly* to exhaust claims. If no remedies remain to petitioner and the petitioner has failed properly to raise claims in the highest court in the state, the petitioner has defaulted those claims. The result, absent a showing of cause and prejudice or a manifest miscarriage of justice, is the dismissal of the claims.[3] Together, the doctrines of exhaustion and procedural default ensure that most petitioners only raise as federal claims those claims that state courts have had the first opportunity to hear.

In deciding whether a remaining state remedy is "available" within the meaning of the habeas statute, courts must look to the language of 28 U.S.C. 2254(c): A state remedy is "available" to a petitioner "if he has the right under the law of the State to raise . . . the question presented." If he petitioner does not have a right to raise his claim by means of a remedy that he is procedurally entitled to use, then that is not an "available" remedy within the meaning of the habeas statute.[4]

---

[3] Exceptions exist in some cases in which state courts are inconsistent in following their own procedural rules or give courts great discretion to decide which cases to hear. For example, the Sixth Circuit found in 2006 that the Ohio Supreme Court did not consistently abide by the deadline for raising claims of ineffective assistance of counsel imposed by Ohio App. R. 26(B) ("R. 26(B)"). *See discussion at Franklin v. Anderson*, 434 F.3d 412, 420-21 (6th Cir. 2006). Similarly, the Sixth Circuit has found that R. 5(A) is not an adequate and independent ground upon which Ohio can rely to foreclose habeas review because it grants too much discretion to individual judges to be "firmly established and regularly followed." *See discussion at Deitz v. Money*, 391 F.3d 804, 810-11 (6th Cir. 2004). In cases in which a petitioner raises potentially meritorious claims which might otherwise be barred by the time limit imposed by R. 26(B) or might be raised via R. 5(A), a federal court may send the petitioner to the state courts to exhaust those claims because it cannot be sure that the state courts will reject the petitioner's attempt to use one of those remedies.

[4] In addition, a remedy is not "available" if there is a procedural bar, such as *res judicata*, to its use. *See O'Sullivan*, 526 U.S. at 847 ("[N]othing . . . requires the exhaustion of any specific state remedy when a State has provided that that remedy is unavailable.").

Respondent argues that Mills has not exhausted his claims because he has the right to raise his claims in the Ohio Supreme Court by moving for a delayed appeal pursuant to Ohio S.Ct. R. II, § 2(A)(4).  Respondent errs.

Ohio S.Ct. R. II, § 2(A)(4) reads in relevant part as follows:

> (4)(a) In a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal.  The motion shall state the date of entry of the judgment being appealed and adequate reasons for the delay.  Facts supporting the motion shall be set forth in the affidavit.  A copy of the court of appeals opinion and the judgment entry being appealed shall be attached to the motion. . . .
>
> (c) A memorandum in support of jurisdiction shall not be filed at the time a motion for delayed appeal is filed.  If the Supreme Court grants a motion for delayed appeal, the appellant shall file a memorandum in support of jurisdiction within 30 days after the motion for a delayed appeal is granted. . . .

The motion for a delayed appeal, therefore, does not give movants a *right* to raise claims. Rather, Ohio S.Ct. R. II, § 2(A)(4) gives movants a right to petition the court for *permission* to raise claims.  A motion pursuant Ohio S.Ct. R. II, § 2(A)(4) raises only the reasons why a movant was unable to appeal to the Ohio Supreme Court in a timely manner.  It does not permit a movant to raise the claims themselves. Because Ohio S.Ct. R. II, § 2(A)(4) does not give petitioners a right to raise their claims, it is not an "available"remedy within the meaning of 28 U.S.C. 2254(c).

Because Ohio S.Ct. R. II, § 2(A)(4) is not an available remedy within the meaning of the habeas statute, Mills has not failed to exhaust his claims merely because he is entitled to file a motion for a delayed appeal to the Ohio Supreme Court.  Thus, barring some other Ohio procedure that he is entitled to use to raise his claims in that state's courts, Mills' claims are exhausted.

8

In sum, respondent has provided an inadequate factual basis for this court to rule on his motion to dismiss. Moreover, respondent's legal basis for the motion appears to be erroneous.

Petitioner's motion is equally problematic. Mills asks the court to stay the action while he exhausts his claims in state court, but, as already noted, the court does not know precisely which claims have been presented to which courts. Moreover, Mills' legal basis for a stay is also suspect. The case governing a stay pending exhaustion of some claims is *Rhines v. Weber*, 544 U.S. 269 (2005). According to *Rhines*:

> Stay and abeyance, if employed too frequently, . . . frustrates [the objective of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Cf. *Duncan, supra,* at 180, 121 S.Ct. 2120 ("[D]iminution of statutory incentives to proceed first in state court would . . . increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* at 277.

Mills has not provided the court any good reason to excuse his failure to exhaust his state remedies. Mills cites his *pro se* status and ignorance of the law as reasons for his default, but, as respondent correctly notes, neither of these reasons suffices to excuse a

9

failure to exhaust. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Without demonstrating good reason for his failure to exhaust, Mills' motion cannot be granted.

To summarize, neither party has made a showing sufficient to permit the court to grant the party's motion. The court does not know whether any state remedies are available to Mills, whether an attempt to use those remedies would be futile, what claims Mills wishes to exhaust, whether those claims have merit, or whether Mills has any good reason to excuse his failures to avail himself fully of state remedies. Without resolution of these issues, neither motion can be granted. For these reasons, the court should deny both parties' motions. In addition, the court should direct respondent to answer the petition. If respondent wishes to raise the issue of procedural default, as seems apparent from respondent's motion, respondent may do so in the answer.


Date: January 16, 2009 /s/Nancy A. Vecchiarelli
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985) reh'g denied, 474 U.S. 1111 (1986).