UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAD MILLS, ) | Case No. 3:08 CV 1974 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| STUART HUDSON, WARDEN, ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommended Decision ("R&R") of Magistrate Judge Nancy A. Vechiarelli (*ECF No. 10*). The Magistrate Judge recommends that the Court deny Respondent's motion to dismiss Petitioner Shad Mills' 28 U.S.C. §2254 habeas corpus petition, without prejudice, for lack of exhaustion (*ECF No. 6*). Additionally, the Magistrate Judge recommends that the Court deny Petitioner's motion, in the alternative, to stay his habeas petition while he exhausts his claims in state court (*ECF No. 7*).

Respondent argues that four of Petitioner's five grounds for relief have not been exhausted because Mills failed to present these claims to the Ohio Supreme Court.[1] The Magistrate Judge rejects Respondent's arguments on two bases. First, Respondent has not provided the Magistrate Judge with sufficient details to rule on his motion. Specifically,

---

[1] The only claim not challenged by Respondent is "[w]hether the appellate court denied petitioner['s] due process of law and effective assistance of counsel." *ECF* No. 1, at 11.

Respondent has not specified clearly and precisely which claims Petitioner has or has not presented to which Ohio courts. Respondent has also not provided documentary evidence or affidavits to support his version of the facts.

Second, Respondent's legal basis for granting his motion is flawed. Respondent asserts that Petitioner has not exhausted his claims in state court because he still can move the Ohio Supreme Court for a delayed appeal pursuant to Ohio S.Ct. R. II, § 2(A)(4). Ohio S.Ct. R. II, § 2(A)(4) provides that "the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal." Noting that a state remedy is "available" under the plain language of 28 U.S.C. §2254(c) "if [the petitioner] has the right under the law of the State to raise...the question presented," the Magistrate Judge concludes that Ohio S.Ct. R. II, § 2(A)(4) is not available to Respondent. While Petitioner may move the Ohio Supreme Court for *permission* to raise his claims, he has no *right* to raise them. Because Petitioner has no right to raise his claims before the Ohio Supreme Court, this remedy is not available to him and his claims are therefore exhausted.

The Magistrate Judge also recommends denying Petitioner's motion, in the alternative, to stay his habeas petition while he exhausts his claims in state court. Stay and abeyance should only be granted upon good cause for failure to exhaust claims. *Rhines v. Webber*, 544 U.S. 269 (2005). Petitioner's only justification is his *pro se* status, which, by itself, is not good cause for his failure to exhaust his claims. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

The Court has reviewed the Magistrate Judge's thorough and well-written R&R and agrees with it in its entirety. Only Petitioner has filed objections, structured in the form of a

response, to the Magistrate Judge's R&R (*ECF No. 11*).  The Court has examined the objections, which attempt to explain which remedies Petitioner has exhausted and raises the issue of reopening his state court appeal, pursuant to Ohio App. R. 26(B), to include claims of ineffective assistance of both trial and appellate counsel.  Petitioner's objections still have not explained which challenged claims were not exhausted nor have they offered good cause for why he has failed to exhaust any of these claims.  Without these critical components, the Court cannot grant Petitioner's motion to stay.

Petitioner appears to be asking the Court for a stay in order to exhaust his ineffective assistance of counsel claim.  The ineffective assistance of counsel claim is the one claim Respondent has not challenged for lack of exhaustion.  In fact, Petitioner's objections suggest the details of the exhaustion of this claim.  Thus, the contentions of both parties in their briefing implies that the claim has in fact been exhausted.  Additionally, similar to Respondent, Petitioner erroneously attempts to argue that because he can ask the state court for permission to reopen his appeal pursuant to Ohio App. R.26(B), he, by right, has a remedy available to him in state court, and therefore has not exhausted his claim.  As discussed *supra*, being given the opportunity to ask permission to reopen an appeal is not the same as having the right to an appeal.

Moreover,  Ohio App. R. 26(B) states that "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel."  There is no provision for challenging the effectiveness of trial counsel.  Consequently, even if the Court determined that his appeal had not been exhausted, Ohio App. R. 26(B) does not provide any basis for Petitioner to reopen his

state court appeal to include a claim of ineffective assistance of trial counsel.

Accordingly, the Court **OVERRULES** Petitioner's Objections (*ECF No. 11*) and **ADOPTS** the Magistrate Judge's Report and Recommended Decision (*ECF No. 10*) for the reasons stated therein.  Thus, Respondent's Motion to Dismiss (*ECF No. 6*) and Petitioner's Motion to Stay (*ECF No. 7*) are **DENIED**.  Respondent is directed to answer Mills' petition.

**IT IS SO ORDERED.**

 */s/Dan Aaron Polster     February 25, 2009*
**Dan Aaron Polster
United States District Judge**