**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SHAD MILLS, | ) | CASE NO:    3:08 CV 1974 |
| | ) | |
| Plaintiff, | ) | JUDGE POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| STUART HUDSON, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

This matter is before the undersigned Magistrate Judge pursuant to Local Rule

72.2. Petitioner, Shad Mills, ("Mills"), challenges the constitutionality of his conviction in

the case of *State v. Mills*, Case No. CR 03-212, Erie County, Ohio Court of Common

Pleas.  Mills filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on

August 14, 2008 in the United States District Court for the Northern District of Ohio.

(Doc. 1.)  For the reasons set forth below, the Petition should be **DENIED**.

**I.  Procedural History**

**A.      State Conviction**

On May 16, 2003, the Erie County grand jury issued a nine count indictment

against Mills, charging him with domestic violence, kidnapping, intimidation of a victim,

aggravated arson, three counts of felonious assault, and two counts of aggravated

burglary.  (Exhibit 1.)   Mills eventually entered into a negotiated plea agreement with the State.  Per this agreement, Mills pled guilty to one count of aggravated assault, one count of felonious assault, one count of aggravated burglary, and one count of aggravated arson. (Exhibit 2.)  The balance of the charges were dismissed.  *Id.*

The trial court held a sentencing hearing on May 5, 2004, the results of which were journalized on May 6, 2004.  The trial judge sentenced Mills to a prison term of seventeen months for aggravated assault, seven years for felonious assault, eight years for aggravated burglary, and seven years for aggravated arson. (Exhibit 3.)  The aggravated burglary and aggravated arson sentences were ordered to run concurrent to the sentence for felonious assault, and the sentence for aggravated assault was ordered to run consecutive with the remaining terms.  *Id.*  The aggregate prison term for Mills amounted to fifteen years.  *Id.*

### B.    First Direct Appeal

On October 31, 2005, Mills filed a motion for leave to appeal with the Sixth District Court of Appeals.  (Exhibit 4.)  The court of appeals granted leave and appointed counsel to represent Mills on the delayed appeal. (Exhibit 5.)  On April 21, 2006, counsel for Mills filed a merit brief and raised one assignment of error:

1. The sentences imposed were unconstitutional.

(Exhibit 6.)  The State filed an opposition brief on April 26, 2006. (Exhibit 7.)

On October 6, 2006, the court of appeals, citing the then recent Ohio Supreme Court decision in *Ohio v. Foster*, 840 N.E.2d 582 (2005), remanded Mills's case to the Erie County Court of Common Pleas for resentencing. (Exhibit 8.)

-2-

**C.      State Court Resentencing**

On December 13, 2006, trial court held a resentencing hearing.  The trial court again sentenced Mills to a prison term of seventeen months for aggravated assault, seven years for felonious assault, eight years for aggravated burglary, and seven years for aggravated arson. (Exhibit 9.)   The aggravated burglary and aggravated arson sentences were ordered to run concurrent to the sentence for felonious assault, and the sentence for the aggravated assault was ordered to run consecutive with the remaining terms. *Id.* The sum total of incarceration time was fifteen years.

**D.      Second Direct Appeal**

Mills appealed his resentencing to the Sixth District Court of Appeals.  Mills, through counsel, filed a brief with the appellate court on June 15, 2007, presenting the following four assignments of error:

1. The Court of Common Pleas violated Appellant's right to trial by jury by sentencing Appellant to a term of incarceration which exceeded the statutory maximum otherwise mandated by the Sixth and Fourteenth Amendments.

2. The Court of Common Pleas violated Appellant's rights under the Ex Post Facto Clause of the Federal Constitution by sentencing Appellant to a term of incarceration which exceeded the maximum penalty available under the statutory framework at the time of the offense.

3. The Court of Common Pleas violated Appellant's rights under the Fourteenth Amendment to the Federal Constitution by sentencing Appellant pursuant to the decision rendered by the Supreme Court of Ohio in *State v. Foster* (2006), 109 Ohio St.3d 1, because the holding of *Foster* is invalid under *Rogers v. Tennessee* (2001), 532 U.S. 451.

4. The Rule of Lenity requires the imposition of minimum and concurrent sentences, and the ruling of the Court of Common Pleas to the contrary must be reversed.

(Exhibit 10.)  The State filed a response on July 19, 2007.  (Exhibit 11.)  On November

-3-

2, 2007, the court of appeals affirmed the sentence of the trial court.  (Exhibit 12.)  Mills did not appeal this decision in the Ohio Supreme Court.

### E.    Application for Reopening

On February 1, 2008, Mills filed a *pro se* application for reopening under Ohio App.R. 26(B), and setting forth seven lengthy proposed assignments of error regarding ineffective assistance of trial counsel, due process, discovery, preservation of evidence, *Brady* violations, and the right to appeal. (Exhibit 13.)  The State filed a response on February 28, 2008.  (Exhibit 14.)  Mills responded with a motion to dismiss the State's response. (Exhibit 15.)

On March 17, 2008, the Sixth District Court of Appeals denied the application for reopening, citing *res judicata*. (Exhibit 16).

On April 14, 2008, in the Ohio Supreme Court, Mills filed a *pro se* appeal of the denial of his application for reopening. (Exhibit 17.)  He listed four propositions of law:

> 1. Any sentence imposed other than minimum, concurrent sentences, post-*Foster* sentencing would violate the jury guarantee of the Due Process Clause of the Fourteenth Amendment.
>
> 2. It has long been established that judicial legislating is a clear violation [sic] the court cannot increase the maximum statutory penalties for criminal offenses committed prior to the issuance of a decision.  This honorable court [sic] remedy violate [sic] the "ex post facto" and due process clause because it effectively raises the presumptive sentence.  It is also well established that due process clauses of the United States Constitution prohibits retroactivity [sic] application of any judicial construction of a criminal statute that is unexpected and indefensible by reference to the law which was expressed before the conduct in issue.
>
> 3. If a person has been convicted of a crime and sentenced for it, "jeopardy" has clearly attached so as to bar not only a second prosecution but a second punishment for the same offense. (*U.S.-v-Haygood*) C.A. 111 (1974) 502 F.2d 166.  The trial court ignored that doctrine of "collateral estoppel" acts through "double jeopardy" clause to preclude government from re-litigating issues of fact once issue had been resolved in defendants [sic] favor in prior proceeding

-4-

between same parties.

4. The trial court violated Crim.R. 2921.45 and Crim.R. 2921.54 at the defendant [sic] resentencing hearing.  The trial court re-imposed the same "illegal" and "unconstitutional" sentence upon the defendant and manifested a knowingly "unconstitutional" act by denying the defendant the rights he is protected under pursuant to the above titled crim.rules.

(Exhibit 17.)  The State did not file a response.

On July 9, 2008, the Ohio Supreme Court dismissed the appeal. (Exhibit 18.)

**F**.    **Federal Habeas Corpus**

Mills, *pro se*,  filed a petition for a writ of habeas corpus on August 14, 2008, and

asserted the following grounds for relief:

**Ground One** - Whether the trial court erred by violating Crim.R. 2921.45 and Crim.R. 2921.54 at petitioner sentencing.

**Ground Two** - Whether the trial court errored [sic] by violating the federal ex post facto law at the petitioner sentencing.

**Ground Three** -  Whether the trial court errored [sic] by using outside factors not presented to a jury.

**Ground Four** -  Whether the trial court violated the defendant [sic] 5th 6th and 14th amendments to the united states constitution.

**Ground Five** - Whether the appellate court denied petitioner due process of law and effective assistance of counsel law.

(Doc. 1.)

## II.  Jurisdiction - Claims Not Cognizable

Writs of habeas corpus may be granted by a district court within its respective

geographic jurisdiction:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and

sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).  Mills was convicted in the Court of Common Pleas in Erie County, Ohio, and filed his writ of habeas corpus in the Northern District of Ohio.  Erie County is within the Northern District of Ohio.  Thus, this court has jurisdiction over Mills's petition.

District courts are also limited in their subject matter jurisdiction.  Title 28 U.S.C. § 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  The writ is available "when the petitioner is in custody . . . and the detention is related to a claimed constitutional violation."  *Kirby v. Dutton*, 794 F.2d 245, 256 (6th Cir. 1986).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Respondent asserts that Ground One is not cognizable for the purposes of habeas review.   Ground One alleges that "The trial court err[ed] by violating Crim. R. 2921.45 and Crim. R. 2921.54 at petitioner['s] sentencing."

The Ohio Rules of Criminal Procedure do not have rule numbers 2921.45 and 2921.54.  Liberally construing Mills's *pro se* petition,  this Court assumes Mills is referring to the Ohio Revised Code.  However, O.R.C. § 2921.45 is a criminal statute prohibiting interference with civil rights and O.R.C. § 2921.54 does not exist.  It is unclear how the alleged violation of these code sections impacts the legality of Mills's

-6-

custody or how violation of these code sections would amount to a violation of federal law.  Therefore, this claim is not cognizable upon habeas review and should be dismissed.

Assuming *arguendo* that Ground One does state a claim that challenges the legality of his custody, Mills's conclusory allegations do not provide this Court with sufficient basis to grant habeas relief.   In his Petition, Mills's sole support for Ground One is:

> "The petitioner['s] guarantee[d] protection by the U.S. and state constitution was violated due to the reimposing of [an] illegal and unconstitutional sentence by the sentencing court."

Mills does not address this ground at all in his Traverse and does not attempt to clarify his position or rebut Respondent's arguments.

Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.  *See Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998).   Without factual or legal support for Ground One, this Court has no basis on which to determine the validity of this claim.  As such, Ground One is without merit and should be denied.

### III.  Exhaustion and Procedural Default

Respondent asserts that Mills's remaining grounds, Grounds Two, Three, Four, and Five, are procedurally defaulted and should be dismissed.

As is well-established, two types of procedural barriers might preclude federal review of claims in a habeas petition. The first type, procedural default, is a judicially created rule, requiring federal courts to respect state court judgments that are based on an "independent and adequate" state procedural ground.  *Coleman v. Thompson*, 501 U.S. 722, 732 (1991);  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing

-7-

a four-part test for determining whether a procedural rule is an independent and adequate state ground).[1]  In procedurally defaulted cases, the state courts reject a direct or post-conviction appeal because the defendant failed to comply with a state procedural law or rule.

A court may excuse a  procedural default if the petitioner shows cause for the procedural default and prejudice resulting from the alleged error.  *Maupin*, 785 F.2d at 138.   In addition, a court may notice an otherwise defaulted claim if a petitioner demonstrates "actual innocence."  This requires the petitioner to use  "new and reliable evidence that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 299 (1995),  to make a clear and convincing case that, but for a constitutional error, no reasonable juror would have found petitioner guilty of the crime.  *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992).

The second type of bar, exhaustion, is similarly grounded in respect for state

---

[1]The Sixth Circuit's decision in *Maupin* sets out four inquiries that a district court should make when the state argues that a habeas claim has been defaulted by petitioner's failure to observe a state procedural rule:

> First, the court must determine whether there is such a procedural rule that is applicable to the claim at issue and whether the petitioner did, in fact, fail to follow it. *Maupin*, 785 F.2d at 138.  Second, the court must decide whether the state courts actually enforced its procedural sanction.  *Id*.  Third, the court must decide whether the state's procedural forfeiture is an "adequate and independent" ground on which the state can rely to foreclose review of a federal constitutional claim."  This question will usually involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims."  *Id*.  And, fourth, the petitioner must demonstrate, consistent with *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497,53 L.Ed.2d 594 (1977), that there was "cause" for him to neglect the procedural rule and that he was actually prejudiced by the alleged constitutional error.  *Id*.; *see also Scott v. Mitchell*, 209 F.3d 854, 864 (6th Cir.), *cert. denied*, 531 U.S. 1021, 121 S.Ct. 588, 148 L.Ed.2d 503 (2000).

-8-

court procedures, but it is federally mandated by AEDPA, *see* 28 U.S.C. § 2254(b)(1)(A)(c), and requires petitioners to give state courts a "fair opportunity" to assess petitioners' claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. §2254(c).  Thus, state remedies are exhausted either when a petitioner has made proper use of all available state remedies for raising claims or when the petitioner has failed to use state remedies but no state remedies giving the right to raise petitioner's claims remain available.  *See Coleman,* 501 U.S. at 732.

Federal courts will deem a petitioner's claim defaulted if the petitioner failed to exhaust that claim and the time for refiling an appeal in the state court has passed. The federal court presumes that the state court would reject the appeal on independent and adequate state grounds if the petitioner tried to file it.  By declaring the claim forfeited, the federal court saves the petitioner and the state court from respectively preparing and rejecting a futile filing.  The claim is then classified as procedurally defaulted and should be dismissed absent a showing of cause and prejudice.  *See In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000).

Respondent argues that Grounds Two, Three, Four, and Five are procedurally defaulted because Mills failed to fully exhaust these claims and no longer has remedies available to him in the state courts.  The procedural history of each of the grounds will be discussed separately.

-9-

## A.    Ground Two

In Ground Two, Mills claims the trial court violated the prohibition against *ex post facto* sentencing when it issued his sentence.  Mills raised this ground on direct appeal in the court of appeals, but failed to appeal the appellate court's affirmation of his sentence to the Ohio Supreme Court.  Mills next raised the issue in his appeal of the denial of his application to reopen (his Ohio Rule 26(B) petition) in the Ohio Supreme Court.  However, Mills did not raise this ground in his application to reopen presented to the appellate court.

Mills clearly failed to exhaust Ground Two on direct appeal, as he did not raise the ground with the Ohio Supreme Court.  The court of appeals affirmed his sentence on November 2, 2007 and the 45 day time limit for filing notice of appeal in the Ohio Supreme Court has long passed.  *See* Ohio S.Ct. Prac.R. II, Section 2(A)(1).  Mills cannot now  timely file his appeal with the Ohio Supreme Court.  Any attempt by Mills to file his appeal with the Ohio Supreme Court would be futile and thus, his claim is procedurally defaulted for the purposes of habeas review.[2]

In addition, the fact that this claim was later raised in the Ohio Supreme Court in Mills's appeal of the appellate court's denial of the application for reopening does not

---

[2]As previously explained in an earlier Report and Recommendation (Doc. 10), under Ohio law, a defendant has no right to raise claims in a delayed appeal.  Rather, Ohio S.Ct. R. II § 2(A)(4) gives movants a right to petition the court for permission to raise claims.   A motion pursuant to Ohio S.Ct. R. II § (A)(4) raises only the reasons why a movant was unable to appeal to the Ohio Supreme Court in a timely manner.  It does not permit a movant to raise the claims themselves.   Because Ohio S.Ct. R. II §2(A)(4) does not give petitioners a right to raise their claims, it is not an "available" remedy within the meaning of 28 U.S.C. § 2254(c).  *See* Memorandum Opinion and Order, Doc. 12.

save it from the procedural bar.   Mills failed to raise the issue of *ex post facto* sentencing in his initial application to reopen presented to the appellate court. The Ohio Supreme Court denied Mills's appeal without explanation.

Under Ohio law, a criminal constitutional question cannot ordinarily be raised in the Ohio Supreme Court unless it is first presented in the court below.  *Ohio  v. Jester*, 512 N.E.2d 962 (1987).   It is unlikely that the Ohio Supreme Court would reach the merits of claims that were not raised in the underlying appellate proceeding. Where the state courts are silent as to the reasons for denying a petitioner's claim, the Sixth Circuit has applied the presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).   This Court must assume that the Ohio Supreme Court dismissed Mills's appeal for failure to raise his claims in the state appellate court before raising them in the Ohio Supreme Court.  Thus, Ground Two is procedurally defaulted and should be dismissed.

### B.    Ground Three

In his third ground for relief, Mills asserts that the trial court violated his constitutional rights by "using outside factors not presented to a jury" when imposing his sentence.  As with Ground Two, Mills raised this claim on direct appeal with the court of appeals, but failed to appeal the appellate court decision to the Ohio Supreme Court. In addition, he did not raise this issue in his application to reopen, but instead raised it for the first time with the Ohio Supreme Court in his appeal of the denial of the application to reopen.  For the reasons stated in the previous section of this Report and Recommendation,  this claim is procedurally defaulted and should be dismissed.

**C.    Ground Four**

In his fourth ground for relief, Mills contends that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court relied on facts neither admitted by Mills nor adjudicated by a jury during sentencing.   This ground appears to be both procedurally and substantively the same as Ground Three.  Therefore, Ground Four should be dismissed due to procedural default, as explained above.

**D.    Ground Five**

In his fifth ground for relief, Mills asserts he was denied effective assistance of appellate counsel.   Mills asserts that appellate counsel failed to raise unidentified claims on appeal.

Mills raised the issue of ineffective assistance of counsel in his application to reopen.  However, in this application, Mills addressed solely *trial* counsel's alleged errors and did not argue that *appellate* counsel's performance was deficient.[3] Moreover, Mills did not raise the issue of ineffective assistance at all on appeal to the Ohio Supreme Court, and thus, did not exhaust this issue.   Ohio law provides that an appellant must raise his claims on appeal at the first opportunity to do so.  *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir.2001).    This Court must assume that Ohio courts

_____

[3]Mills does allege that trial counsel "was ineffective [sic] he made my appeal lawyers ineffective in representing me on appeal. [Trial counsel] never entered into the record that evidence in this case tampered with by the Sandusky Police Department. So this not being part of the record prevented my appeal lawyers from perfecting a proper appeal." (Ex. 13.)  Although he makes a general allegation that appellate counsel was "ineffective," Mills does not assert they were actually deficient in their performance, but rather that their performance was hindered by trial counsel's deficient performance.

would follow their own procedural rules and bar the ineffective assistance of appellate claim on the basis of *res judicata*.   The assertion of *res judicata* to bar claims not raised at the earliest opportunity is an adequate and independent ground upon which Ohio may rely to foreclose habeas review.  *See id.*  Therefore, Ground Five is procedurally defaulted and should be dismissed.

In addition, Mills's argument that ineffective assistance of counsel serves as cause for the procedural default of all his claims is unpersuasive.  While ineffective assistance of counsel may constitute cause, it may only do so if the ineffective assistance claim itself is not procedurally defaulted. *Haliym v. Mitchell*, 492 F.3d 680, 691 (6th Cir. 2007).   As Mills's ineffective assistance claim is procedurally defaulted, it may not excuse the procedural default of Mills's other claims.

Because Mills does not demonstrate cause for his procedural default of his claims and does not assert actual innocence, Grounds Two, Three, Four, and Five should be dismissed.   Furthermore, these ground should be denied on the merits for the reasons explained below.

## VI.   REVIEW ON THE MERITS

### A.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

-13-

by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Carey v. Musladin*, 549 U.S. 70 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000).  Law is "clearly established" only by holdings of the Supreme Court, not its *dicta*, and the law must be clearly established at the time of the petitioner's conviction. *Carey*, 549 U.S. at 74.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court).  A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result. *Id.* at 405-06.  "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases." *Id.* at 405.  A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle

-14-

at issue and unreasonably applies it to the facts of the case at hand.  *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001).  If a court fails to identify the correct legal principal at issue, the "unreasonable application of" clause does not apply.  *Id.* at 730.

"[A] determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence."  *Id.*

###    B.    Grounds Two, Three, and Four

In his second ground for relief, Mills asserts that his sentence violated his rights under the *ex post facto* Clause of the Constitution.  In support of this claim, Mills states "The *Ex Post Facto* Clause prohibits the Ohio General Assembly from retroactively increasing the penalty for a crime which has already been committed."   Although Mills does not reference the law at issue in either his Petition or Traverse, liberally construing Mills's legal argument and taking into consideration his briefs in the state courts, it is assumed that Mills is referring to his resentencing pursuant to *State v. Foster*, 109 Ohio. St. 3d 1 (2006).

In his third ground for relief, Mills asserts that the trial court erred in using factors not presented to the jury to impose more than a minimum sentence.  In his fourth ground for relief, Mills argues that the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights by imposing a sentence not admitted by Mills or found by the jury.  Both grounds of relief appear to make essentially the same argument – the trial court should have imposed a minimum, concurrent sentence.

At the time that Mills pleaded guilty, Ohio Rev. Code § 2929.14 ("§ 2929.14") governed sentencing in Ohio.  Section 2929.14(B) provided as follows:

-15-

(B)  Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:

> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.

> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

The court sentencing Mills found aggravated assault to be a felony of the fourth degree; felonious assault and aggravated arson to be felonies of the second degree; and aggravated burglary to be a felony of the first degree.  Section 2929.14(A)(1) provided that for a felony of the first degree "the prison term shall be three, four, five, six, seven, eight, nine, or ten years."  Section 2929.14(A)(2) provided that for a felony of the second degree "the prison terms shall be two, three, four, five, six, seven, or eight years."   Section 2929.14(A)(4) provided that for a felony of the second degree "the prison terms shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."   Section 2929.14(B) provided that a court shall sentence an offender to the shortest prison term authorized for the offense unless the offender was serving or had served a prison term at the time of the offense or that the shortest prison term would demean the seriousness of the offender's crime. Ohio Rev. Code § 2929.41(A) required multiple sentences to be served concurrently with one another unless the court made certain findings of fact that warranted consecutive sentences.  *See* Ohio Rev. Code. §§ 2929.14(B) & (C), 2929.12, and 2929.41(E).

-16-

On June 24, 2004, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004).  *Blakely* held that the maximum sentence to which a court may sentence a defendant is the maximum sentence the court may impose solely on the basis of a prior conviction, facts reflected in the jury verdict, or facts admitted by the defendant.  *Blakely*, 542 U.S. at 303.  That is, the court may not enhance a defendant's sentence on the basis of judicial findings of fact other than notice of a prior conviction.

On February 27, 2005, the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).  In *Foster*, the Ohio Supreme Court overturned §§ 2929.14(B) & 2929.41(E)(4) as unconstitutional in light of *Blakely.  Foster* severed these unconstitutional portions of Ohio's sentencing statutes and preserved most of the remainder of the statutes.  The Ohio Supreme Court held that the resulting statutes allowed a court to sentence a defendant to any sentence within the sentencing range of an offense and to consecutive sentences without making judicial findings of fact of the sort barred by *Blakely*.

On December 13, 2006, pursuant to a remand by the appellate court, the trial court resentenced Mills in accordance with *Foster*.  The trial court sentenced Mills to terms of imprisonment identical to his original sentence.  Mills asserts this sentence violated the *ex post facto* clause and that his sentence should have been the minimum sentence because a jury made no findings of fact.

In a brief opinion, the appellate court upheld Mills's resentencing:

In all of his assignments of error, appellant claims that the Supreme Court of Ohio's remedy to the unconstitutional nature of certain sentencing statutes provided in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, itself violates the

federal constitution and the rule of lenity. This court has repeatedly held that the Foster remedy does not violate the Due Process Clause, the *Ex Post Facto* Clause, or the rule of lenity. *See State v. Coleman*, 6th Dist. No. S-06-023, 2007-Ohio-448; *State v. Barber*, 6th Dist. No. WD06-036, 2007-Ohio-2821; *State v. Johnson*, 6th Dist. No. L-06-1364, 2007-Ohio-3470; State v. Robinson, 6th Dist. No. L-06-1205, 2007-Ohio-3577; *State v. Valenti*, 6th Dist. No. WD-07-004, 2007-Ohio-4911. Therefore, appellant's assignments of error are found not well-taken.

(Exhibit 12.)

Article I, § 9 of the United States Constitution provides that no state shall pass *ex post facto* laws. U.S. Const. Art. I, § 9.  The Constitution's bar against *ex post facto* laws, however, does not apply to courts:

The *Ex Post Facto* Clause, by its own terms, does not apply to courts.  Extending the Clause to courts through the rubric of due process . . . would circumvent the clear constitutional text.  It also would evince too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decision making, on the other.

*Rogers v. Tennessee,* 532 U.S. 451, 460 (2001).

Although the *ex post facto* Clause does not apply to courts, "limitations on *ex post facto* judicial decision making are inherent in the notion of due process."  *Id.* at 456.  In particular, the Supreme Court has found that court may not unexpectedly and indefensibly construe a criminal statute so as to criminalize conduct which had not been criminal prior to the court's new construction.  *See Bouie v. City of Columbia*, 378 U.S. 347 (1964).  The Supreme Court has explicitly declined, however, to apply all the protections of the *ex post facto* Clause to courts by way of the due process clause.  *Id.* at 458-461.

*Foster* differs considerably from *Bouie.*  The judicial enlargement of a criminal statute in *Bouie* was very different from the alleged enlargement in *Foster*.  In *Bouie*, a

-18-

South Carolina statute prohibited entry onto land after the posting of notice prohibiting such entry.  Defendants were arrested pursuant to that statute during a lunch counter sit-in for civil rights when they were ordered to leave after being notified that they were trespassing if they remained.  The defendants had not been given notice prohibiting their entry to the lunch counter prior to their entry.  Upon appeal, the South Carolina supreme court re-interpreted the relevant statute to prohibit remaining on a property after notice was given as well as entry onto the property.  The Supreme Court struck down the convictions and agreed with the appellants that South Carolina had punished them for conduct that was not criminal at the time they committed it, thus violating the requirement of the due process clause that a criminal statute give fair warning of the conduct which it prohibits.  According to the Court, "If a judicial construction of a criminal statute is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' it must not be given retroactive effect."  *Bouie*, 378 U.S. at 354 (quoting Hall, GENERAL PRINCIPLES OF CRIMINAL LAW (2d ed. 1960), at 61).

*Foster* did not criminalize any conduct which had not been criminal prior to the decision.  Nor did *Foster* increase the maximum penalty that could be handed down for a crime.  Rather, *Foster* excised those portions of Ohio's sentencing statute that required judicial findings of fact before a court could sentence a defendant to more than a minimum sentence or to consecutive sentences.  *Bouie* does not prohibit this.

Mills's position is also foreclosed in part by *Dobbert v. Florida*, 432 U.S. 282 (1977).  As the Eleventh Circuit first pointed out in *United States v. Duncan*, 400 F.3d 1297 (11th Cir. 2006), *Dobbert* held that even a law later found to be unconstitutional

-19-

may give fair warning of what is prohibited and of the penalties the state intends to

exact for violating those prohibitions:

> Whether or not the old statute would in the future, withstand constitutional attack, it clearly indicated Florida's view of the severity of murder and of the degree of punishment which the legislature wished to impose upon murderers.  The statute was intended to provide maximum deterrence, and its existence on the statute books provided fair warning as to the degree of culpability to which the State ascribed to the act of murder.

*Duncan*, 400 F.3d at 1307-08.  Similarly, although portions of Ohio's sentencing

statutes at the time of Mills's criminal acts were unconstitutional, they nevertheless

gave him fair notice of the acts that were prohibited and the degree of punishment

which the Ohio legislature wished to impose on those who committed those acts.  As

the reinterpreted statute did not increase the maximum penalty to which Mills was

potentially subject, Mills was given fair warning of what was prohibited and of the

potential penalties to which he would be subject if he committed those acts.  *See United*

*States v. Alston-Graves*, 435 F.3d 331, 343 (D.C. Cir. 2006); *United States v. Vaughn*,

430 F.3d 518, 524-25 (2d Cir. 2005); and *United States v. Lata*, 415 F.3d 107, 112 (1st

Cir. 2005).

In addition, Mills's position is contradicted by *United States v. Booker*, 543 U.S.

220 (2005), and its progeny.  In *Booker*, the Supreme Court confronted the

constitutionality of a federal sentencing statute that resembled Ohio's insofar as it

required specified judicial findings of fact for upward departures from a base sentence.

The Court found that such mandatory fact-finding violated the holding in *Apprendi v.*

*New Jersey*, 530 U.S. 466 (2000)*,* and excised those portions of the statute requiring

judicial fact-finding before increasing a base sentence.  The Supreme Court also

-20-

allowed sentencing courts to engage in fact-finding in determining sentences by using the previously-mandatory sentencing factors as guidelines that should be considered in sentencing. The Court required other federal courts to apply both parts of its holding-- striking the mandatory findings on Sixth Amendment grounds and using the previously- mandatory factors as guidelines--to future cases because applying both holdings in combination best approximated the will of Congress in enacting sentencing reform. *Id.* at 249. Finally, the Court struck those sections of the statute requiring a relatively strict appellate review for departures from mandatory sentencing guidelines and found that the resulting statute implied appellate review under a "reasonableness" standard. *Id.* at 259-60.

When the Ohio Supreme Court determined that Ohio's sentencing statutes violated the holding in *Blakely*, it explicitly turned to *Booker* to cure the statutes' unconstitutionality. *Foster*, 109 Ohio St. 3d at 26-27, 845 N.E.2d at 495-96. Thus, the Ohio Supreme Court excised those portions of the statutes requiring judicial fact-finding using certain factors before making upward departures from a base sentence or before sentencing to consecutive sentences. *Id.*, 109 Ohio St. 3d at 28-30, 845 N.E.2d at 497- 98. It also instructed Ohio courts to use the factors enumerated in the statutes as guidelines in making sentencing determinations. *Id.*, 109 Ohio St. 3d at 30, 845 N.E.2d at 498. Sentencing courts were thus free to sentence defendants anywhere within the sentencing ranges set by the Ohio legislature for various crimes or to consecutive sentences, using the previously-mandatory factors as guidelines to determine where in the range a defendant should be sentenced. The resulting statutes, according to the Ohio Supreme Court, best approximated the will of the legislature in passing the

sentencing statutes while doing away with the statutes' unconstitutionality.  *Id.*

Finally, a number of federal defendants have alleged that the federal sentencing statutes reshaped by *Booker* violate due process because they subject defendants to *ex post facto* laws.  Those challenges have been universally rejected.  *See United States v. Scroggins*, 411 F.3d 572, 575-78 (5th Cir. 2005); *United States v. Jamison*, 416 F.3d 538, 539 (7th Cir. 2005); *United States v. Dupas*, 417 F.3d 1064, 1068-69 (9th Cir. 2005); *United States v. Rines*, 419 F.3d 1104, 1106 (10th Cir. 2006); *Duncan*, 400 F.3d at 1306-08; and *Alston-Graves*, 435 F.3d at 343.  Mills makes no argument that distinguishes in any relevant respect Ohio's revised sentencing statutes from the revised federal sentencing statutes upheld by the appellate courts.

In summary, the Ohio statute under which the trial court sentenced Mills permitted a sentence of up to 27.5 years' imprisonment.  Neither the due process clause nor the *ex post facto* clause limit that potential sentence.   Mills's sentence of 15 years is well within the sentencing range.  As such, Mills's argument that the state court should have sentenced him to the minimum sentence for his crimes is not well taken. For this reason, Ground Two, Three, and Four should be denied on the merits.

### C.    Ground Five

In Ground Five Mills argues that appellate counsel was ineffective for failing to raise claims on appeal.  Mills does not identify what claims he believes appellate counsel should have raised and does not state why such claims would have merit.  This Court has no basis to evaluate Mills's charge of ineffective assistance of appellate counsel.  Conclusory allegations without evidentiary support do not provide a basis for habeas relief.  *See Workman*, 160 F.3d at 287.  (conclusory allegations of ineffective

assistance of appellate counsel do not warrant habeas relief).  As such, Ground Five is

without merit and should be denied.

## V.  CONCLUSION

For the foregoing reasons, Mills's petition for habeas relief should be **DENIED**.


Date:  June 17, 2009                                    /s/ Nancy A. Vecchiarelli
                                                      United States Magistrate Judge



## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the
Clerk of Courts within ten (10) days after the party objecting has been served with
a copy of this Report and Recommendation.  Failure to file objections within the
specified time may waive the right to appeal the District Court's order.  *See
United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474
U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**