### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **SHAD MILLS,** ) | **Case No. 3:08 CV 1974** |
| ) | |
| Petitioner, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **STUART HUDSON, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

Before the Court are the Report and Recommended Decision ("R&R") of Magistrate Judge Nancy A. Vechiarelli (*ECF No. 15*) and Petitioner Shad Mills' objections to the R&R (*ECF No. 16*). The Magistrate Judge recommends that the Court deny Petitioner's 28 U.S.C. §2254 habeas corpus petition (*ECF No. 1*).

The R&R concludes that the petition, based on five grounds for relief, should be denied for procedural reasons. First, Ground One is not cognizable for purposes of habeas review. Second, Grounds Two through Five should be dismissed because they are procedurally defaulted. In addition, the Magistrate Judge concludes that all of Petitioner's claims should also be denied on the merits. Petitioner objects, arguing that ineffective assistance of appellate counsel caused his procedural default.

The Court has reviewed the Magistrate Judge's thorough and well-reasoned R&R

and Petitioner's objections, and concludes that the R&R should be adopted in its entirety. Ground One of the Petition fails to present a claim cognizable under habeas review.  Ground One is purportedly filed under Ohio Rules of Criminal Procedure §§ 2921.45 and 2921.54.  As these sections of the Ohio Rules of Criminal Procedure do not exist, it is likely that Petitioner was referring to Ohio Revised Code ("O.R.C.") § 2921.45, a criminal statute prohibiting interference with civil rights.  However, as discussed in the R&R, Petitioner provides no basis for his claim that a violation of O.R.C. § 2921.45 presents a violation of federal law.

Grounds Two through Five are procedurally defaulted because Petitioner failed to exhaust his claims and state court remedies are no longer available to him.  Petitioner responds that his claims were not exhausted due to ineffective assistance of appellate counsel.  As the Magistrate Judge correctly concludes, Petitioner never raised the issue of ineffective assistance of counsel before the Ohio Supreme Court.  Accordingly the claim of ineffective assistance of counsel, which Petitioner brings as Ground Five of the petition, has been procedurally defaulted and therefore must be denied.  Because Ground Five based on ineffective assistance of counsel is procedurally defaulted, it cannot serve as a basis for excusing the procedural default of Petitioner's other claims.

Moreover, the Court agrees that the petition should be rejected on the merits for the reasons discussed in the R&R.  Critically, Petitioner has not offered any objections to the Magistrate Judge's reasoning on the merits.

Accordingly, the Court **OVERRULES** Petitioner's Objections (*ECF No. 16*) and **ADOPTS** the Magistrate Judge's Report and Recommended Decision (*ECF No. 15*) for the reasons stated therein.  Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (*ECF*

*No. 1*) is hereby **DENIED**.

    **IT IS SO ORDERED.**

                <u>*/s/Dan Aaron Polster July 21, 2009*</u>
                **Dan Aaron Polster**
                **United States District Judge**